**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4638**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALVANIA BOONE, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:11-cr-00302-WO-1)

Submitted: April 17, 2013        Decided: May 3, 2013

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant. Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvania Boone, Jr., was convicted after a jury trial of possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), and sentenced to seventy-eight months' imprisonment. Boone's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred, under Fed. R. Evid. 404(b), in admitting testimony that knives were recovered during a search of Boone's person incident to his arrest. Boone has filed three pro se supplemental briefs. We affirm.

We review the district court's admission or exclusion of evidence for abuse of discretion. United States v. Lighty, 616 F.3d 321, 351 (4th Cir. 2010). Rule 404(b) of the Federal Rules of Evidence states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Such evidence, however, "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). To be admissible under Rule 404(b), the evidence at issue must be "(1) relevant to an issue other than character; (2) necessary; and (3) reliable." United States v. Siegel,

2

536 F.3d 306, 317 (4th Cir. 2008) (internal quotation marks omitted). "Rule 404(b) is . . . an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition," United States v. Young, 248 F.3d 260, 271-72 (4th Cir. 2001) (internal quotation marks omitted), and, "[a]s a rule of inclusion, the rule's list is not exhaustive." United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997).

"Evidence sought to be admitted under Rule 404(b) must also satisfy [Fed. R. Evid.] 403[.]" Siegel, 536 F.3d at 319. "Rule 403 only requires suppression of evidence that results in unfair prejudice — prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice substantially outweighs the probative value of the evidence." United States v. Mohr, 318 F.3d 613, 619-20 (4th Cir. 2003) (internal quotation marks, emphasis, and alteration omitted).

After review of the record, we conclude that the district court did not abuse its discretion in allowing the testimony regarding the recovery of the knives into evidence. The testimony was relevant to issues other than Boone's character and necessary, see United States v. Aramony, 88 F.3d 1369, 1377 (4th Cir. 1996) (addressing standards for admissibility under Rule 404(b)), and Boone does not challenge

3

the reliability of the testimony.  Further, the probative value of the testimony was not substantially outweighed by confusion or unfair prejudice.  Although the information may have been damaging to Boone, it did not "subordinate reason to emotion in the factfinding process."  United States v. Gray, 405 F.3d 227, 239 (4th Cir. 2005) (internal quotation marks omitted).

Additionally, in accordance with Anders, we have reviewed Boone's pro se supplemental briefs and the remainder of the record and have found no meritorious issues for review. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Boone, in writing, of the right to petition the Supreme Court of the United States for further review.  If Boone requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Boone.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4